Hah, Judge.
 

 It is not a very easy task to lay down a general rule, to decide what special rights in property wiil support this action, nor is it necessary in this case. The Judge properly stated to the Jury, that if the parol gift to
 
 Justice,
 
 was prior to the act of 1806
 
 (Rev. ch.
 
 701) it «as good. I concur with him too in saying, that*if it was since,
 
 drcnmstanced as this case is, Justice
 
 can sustain this action.
 

 High,
 
 «dio was the owner of the property in dispute, died in the year 1813. if he made no will,
 
 Justice
 
 was entitled to the slave as an advancement, under the act of 1806. If he made a will, as it appears he did, though it has not been given in evidence, it is likely that he either confirmed the title of the property in
 
 Justice,
 
 or bequeathed it to some other person. If the latter is the fact,
 
 Justice,
 
 and
 
 Pullen,
 
 claiming under him, have held the property adverse to such person for many years. So that in either event, the Jury were authorised to infer a title in
 
 Justice,
 
 which, accompanied with possession, is sufficient to support this action.
 

 As to the statute of limitations, it can he no bar in favor of
 
 Pullen.
 
 He held the property, both in
 
 fact,
 
 and in
 
 law,
 
 under
 
 Justice.
 
 The act of 1826 declares, that “ when any person shall have put into the possession of his child any slave, &c. which shall remain in possession of such child, at the time of the death of such donor, such slave shall be considered as an advancement
 
 *472
 
 to such child.” The object of the act would be defeated, if the child’s possession could bo ripened into title, by a continuance of
 
 three
 
 years.
 

 But if an express parol gift was proved by
 
 Pullen,
 
 it would seem, that a three years adverse possession would complete his title. . But I give no opinion on this point, as the, case does not require it. No gift is proved to
 
 Pullen
 
 ; he relies upon an implied one, arising from possession.
 

 As to the estoppel spoken of on the Defendants, it may be observed, that whether they had notice or not, they could not have a better title than
 
 Pullen
 
 himself had, as long as they claimed under him. The only difference between them would be, that the Defendant’s right, although it would not be better
 
 than .Pullen’s
 
 when first, derived from him, yet might be ripened into title, by an adverse possession of sufficient length, whether they had notice of
 
 Justice’s
 
 title or not.
 

 Per Curiam. — Judgment affirmed.